IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter ) | CIVIL NO. 14-00376 HG-RLP |
| ) | |
| of ) | FINDINGS AND RECOMMENDATION TO |
| ) | GRANT MOTION FOR ENTRY OF |
| The Complaint of G.O. ) | DEFAULT AND DEFAULT JUDGMENT |
| ENTERPRISES, INC., as owner ) | AGAINST ALL CLAIMANTS WHO HAVE |
| of M/V SEVEN ELEVEN, O.N. ) | NOT FILED A CLAIM AND ANSWER |
| 1021275, for exoneration from ) | |
| or limitation of liability ) | |
| ) | |

FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR
ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST ALL
<u>CLAIMANTS WHO HAVE NOT FILED A CLAIM AND ANSWER</u>[1]

Before the Court is Limitation Plaintiff G.O. Enterprises, Inc.'s Motion for Entry of Default and Default Judgment Against All Claimants Who Have Not Filed a Claim and Answer, filed on August 14, 2015 ("Motion"). ECF No. 26. No claimant has filed a response or opposition. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 27. After carefully reviewing the Motion and relevant legal authority, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

BACKGROUND

Limitation Plaintiff G.O. Enterprises, Inc. filed this action on August 22, 2014, requesting exoneration from or limitation of liability for any and all losses related to an incident that occurred in the Ala Wai Yacht Harbor, Oahu, Hawaii involving an explosion on M/V SEVEN ELEVEN on May 6, 2013.  See ECF No. 1.  On August 26, 2013, the Court ordered an issuance of notice and publication thereof that all persons asserting claims with respect to which Limitation Plaintiff seeks limitation file their respective claims on or before October 10, 2014.  See ECF No. 8.  Pursuant to the Court's order, see ECF No. 8, and Supplemental Rule F(4), Limitation Plaintiff published notice of the action in the Honolulu Star Advertiser four times in September 2014.  See ECF No. 14; Fed. R. Civ. P. Supp. R. F(4).  On June 17, 2015, the Court stayed this case pending notification from Limitation Plaintiff that the sole potential claimant identified would file a response or that a settlement between Limitation Plaintiff and the claimant was reached.  ECF No. 25.  Limitation Plaintiff subsequently filed the instant Motion, which requests entry of default and default judgment against all claimants who have not filed a claim and answer.  See ECF No. 26.

DISCUSSION

Under Federal Rules of Civil Procedure Rule 55, when a party against whom a judgment is sought has failed to plead "and

that failure has been shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Default judgment may be entered pursuant to Federal Rules of Civil Procedure Rule 55(b) at any time after default has been entered.  Fed. R. Civ. P. 55(b).

Here, Limitation Plaintiff seeks an entry of default and default judgment against any and all parties who have failed to file a claim and answer before the deadline of October 10, 2014.  See ECF No. 26.  As noted above, Limitation Plaintiff provided the required notice in the Honolulu Star Advertiser on September 8, 15, 22, and 29, 2014, and to sole potential claimant Clinton R. Miller by certified mail.  See ECF No. 26.  Limitation Plaintiff states that on June 25, 2015, it reached a settlement with Mr. Miller.  See ECF No. 26.  No potential claimant has filed a claim and answer and none have filed a response or opposition to Limitation Plaintiff's Motion.  Because the deadline for filing a claim and answer has passed and this Motion is unopposed, the Court finds and recommends that Limitation Plaintiff's motion be GRANTED.

## CONCLUSION

Based on the foregoing, the Court FINDS that Limitation Plaintiff is entitled to entry of default and default judgment as requested in the Motion.  The Court RECOMMENDS that Limitation Plaintiff's Motion be GRANTED and that the district court enter

default and default judgment against any and all claimants who have not filed a claim and answer responding to Limitation Plaintiff's Complaint for Exoneration From or Limitation of Liability.

       IT IS SO FOUND AND RECOMMENDED.

       DATED AT HONOLULU, HAWAII, SEPTEMBER 15, 2015.



_____
Richard L. Puglisi
United States Magistrate Judge

**In Re G.O. Enterprises, Inc.; CIVIL NO. 14-00376 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST ALL CLAIMANTS WHO HAVE NOT FILED A CLAIM AND ANSWER**